UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

YANG XIANG,

              Petitioner,

    v.

JAMES JANECHA, Warden of Adelanto ICE Processing Center, et al.,

              Respondents.

Case No. 5:26-cv-03883-PD

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RELEASE**

**A# 232-628-229**

Yang Xiang ("Petitioner") filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking immediate release from Respondents' custody at the Adelanto ICE Processing Center in Adelanto, California. Dkt. No. 1. The court has considered the Petition and Respondents' Answer. Dkt. No. 8.

## I.    Background

Petitioner is a native and citizen of the People's Republic of China, who was lawfully admitted to the United States on a valid visa on February 8, 2023, after inspection by an immigration officer. Dkt. No. 1, Petition ¶¶ 15, 23. On or about the same day, Petitioner was arrested by local police in

Oklahoma for practicing massage therapy without a license.  Dkt. No. 1-2, Affidavit of Yang Xiang ¶ 2.  She was released on February 9, 2023, on a $1,000 bond.  Petition ¶ 27.  No conviction has been entered, and the matter is considered a minor licensing violation.  *Id.*  Thereafter, Petitioner filed a timely application for asylum with United States Citizenship and Immigration Services ("USCIS"), which remains pending.  *Id.* ¶ 24.

Since then, Petitioner received employment authorization, worked lawfully, appeared for every immigration obligation, and violated no conditions.  *Id.* ¶¶ 2, 25.

On July 7, 2026, Petitioner appeared as instructed at the USCIS asylum office for an asylum interview and was arrested by ICE officers.  Affidavit of Yang Xiang ¶ 4.  Petitioner was subsequently transferred to the Adelanto ICE Processing Center, where she remains detained.  Petition ¶ 28.

According to Petitioner, prior to her detention, she was not notified of her impending detention and was not given an opportunity to be heard, present evidence at a pre-deprivation hearing, or appear before a neutral adjudicator.  *Id.* ¶ 29.  In fact, Respondents did not revoke or terminate Petitioner's authorized presence prior to her detention.  *Id.*

## II.   Discussion

The Petition raises two claims: (1) Petitioner's detention without a pre-deprivation hearing violated her right to procedural due process under the Fifth Amendment; and (2) her continued detention violates substantive due process under the Fifth Amendment because she is neither a flight risk nor a danger to the community.

### A.   Procedural Due Process

Courts in this District and others have found that re-detention, without notice or a pre-deprivation hearing, of a noncitizen who had been released on

2

conditions shortly after their entry into the United States and had complied fully with those conditions, violated procedural due process. *See Cruz v. Lyons, et al.,* No. 5:25-cv-02879-MCS-MBK, 2025 WL 4051129 (C.D. Cal. Nov. 6, 2025) (granting temporary restraining order releasing noncitizen who had been paroled into the United States and was re-arrested at appointment with USCIS); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in). *See also M.V.F. v. Santacruz*, No. 2:25-cv-11700-MEMF-E, 2025 WL 3691419, at *5 (C.D. Cal. Dec. 19, 2025) (granting TRO ordering release of noncitizen who had been released on their own recognizance shortly after entering the United States and was re-arrested at ICE check-in).

Courts have extended this principle to noncitizens who have lived at liberty in the United States while their immigration proceedings are pending, pursuant to the Government's decision not to detain them. *See Gagik T. v. Chestnut, et al.*, No. 1:26-cv-04337-MWJS, 2026 WL 1837413 (E.D. Cal. June 25, 2026) (granting release to noncitizen who entered the United States on a visitor visa, applied for asylum, was granted employment authorization, and remained out-of-custody for six years); *Kharitonova v. Albarran*, No. 3:26-CV-01362-JSC, 2026 WL 531441 at *2 (N.D. Cal. Feb. 25, 2026) ("Although the government did not detain and then release her, it made a decision *not* to detain her in the first place; Petitioner thus has the same liberty interest in her continued freedom as an individual initially detained."). *See also Abdeltawab v. Armant*, No. EDCV 26-01520-MWF (DTB), 2026 WL 1045564 at *1 (C.D. Cal. Apr. 13, 2026) (preliminary injunction granting release and finding liberty interest for noncitizen whose removal proceedings were

3

administratively closed, was granted employment authorization, and then was arrested by immigration authorities for the first time).

As in these cases, the Court considers Petitioner's procedural due process claim under the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). The *Matthews* test balances three factors:

> First, the private interest that will be affected by the official action; second the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335.

### 1.    Private Interest

Petitioner has a substantial private interest in remaining out of custody. Petitioner has resided in the United States for over three years, since February 2023. Petition ¶ 1. During this time, she has continued to pursue her asylum claim, was granted employment authorization, and worked to support herself. *Id.* ¶ 25. She also was complying with her immigration proceedings, as she appeared for her asylum interview as instructed, on the date she was detained by ICE.

While Petitioner has remained subject to supervision during this time, "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles him to constitutional due process before he is re-incarcerated." *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty.") (collecting cases). Petitioner's release included "an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).

4

This conditional liberty is "'valuable and must be seen as within the protection of the Fourteenth Amendment.'" *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *7 (C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

### 2.    Risk of Erroneous Deprivation

With respect to the second *Mathews* factor, the risk of an erroneous deprivation of a petitioner's liberty interest is considerable where she has not received any bond or custody redetermination. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) (risk of erroneous deprivation is considerable for petitioner previously released on bond after it was determined he was not a danger to the community or a flight risk).

In evaluating this risk, courts that have ordered release and a pre-deprivation hearing have considered the petitioner's compliance with all release conditions and criminal history. *See e.g., Calderon v. Kaiser*, No. 25-CV-06695-AMO, 2025 WL 2430609 at *2 (N.D. Cal. Aug. 22, 2025) (noting that petitioner who was released on her own recognizance did not violate the conditions of her release which included reporting for any hearing or interview); *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) ("Petitioner has no criminal history and indicates that he has attended every check-in and court hearing since he arrived in the United States."); *De Vasquez v. Chestnut*, No. 1:25-CV-1999-JDP, 2026 WL 25539 at *4 (E.D. Cal. Jan. 5, 2026) (noting that since release, "there has been no indication that [petitioner] has become a flight risk or danger to the community").

According to the Petition, Petitioner was complying with her asylum proceedings and has no criminal history that would suggest she is a danger or flight risk.  Respondents do not contend that changed circumstances prompted Petitioner's detention or that she is now a danger or flight risk.  *See Abdeltawab*, 2026 WL 1045564, at *2 (C.D. Cal. Apr. 13, 2026) ("The risk [of

erroneous deprivation] is especially pronounced here, where there is no reason to believe that Petitioner is or has been previously determined to be a flight risk or a danger to the community.").

Based on the record, there is a high risk that the lack of pre-deprivation process—that is, a hearing to determine whether Petitioner in fact presents a danger or flight risk—has resulted in Petitioner's unnecessary detention.

### 3.    Government Interest

As to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a predetention hearing." *Cruz*, 2025 WL 4051129 at *4 (collecting cases). "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]' " *Sun*, 2025 WL 2730235, at *6 (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine . . . ." *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

Respondents assert this is Petitioner's first time in immigration custody and oppose release on the basis that under 8 U.S.C. § 1226(a), the government may arrest and detain a noncitizen while removal proceedings are pending. *See* Dkt. No. 8. Consequently, Respondents do not oppose the Court ordering a bond hearing under 8 U.S.C. § 1226(a). However, Petitioner "does not ask this Court to order a bond hearing." Petition ¶ 6. Further, Respondents' response does not address Petitioner's argument that due to her extended

6

time at liberty in the United States while complying with her asylum proceedings, she was entitled to pre-deprivation notice and a hearing under procedural due process.[1]

In sum, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that Respondents' lack of constitutionally adequate procedures has resulted in her unnecessary detention, and any government interest in refusing to provide such process is minimal. The Court therefore concludes that the Government's detention of Petitioner without adequate pre-deprivation process violated due process. Because the Court concludes that Petitioner is entitled to release on procedural due process grounds, it declines to address Petitioner's remaining claim. Nothing prevents Petitioner from raising this claim again in the future, should the Government re-detain Petitioner following the procedures set forth above.

## III.   Conclusion

The Court grants the Petition based on Claim One under procedural due process and dismisses the remaining claim without prejudice. The prayer for relief requests an order enjoining Respondents from re-detaining Petitioner absent notice and a pre-deprivation hearing before a neutral adjudicator. Petition at 16. However, the Petition fails to provide a legal and factual basis for ordering such prospective relief at this time.

---

[1] The absence of opposition to Petitioner's Fifth Amendment due process claim itself is a basis to grant the Petition. *See Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).

## IV.   Order

For the foregoing reasons, the Petition is GRANTED as to Claim One, and the remaining claim is dismissed without prejudice.

Petitioner Yang Xiang (A# 232-628-229) is **ordered released** on her prior conditions of release within 24 hours of this Order.

**Respondents are further ordered** to file, within three days of Petitioner's release, a status report confirming Petitioner's release.

IT IS SO ORDERED.

DATED: July 23, 2026

_Patricia Donahue_

_____

Patricia Donahue
United States Magistrate Judge

8